No. 19-0939 – *In re: I.S.A.*

**FILED**
**November 18, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Workman, Justice, concurring:

I concur with the majority on both issues presented, but write separately to agree with the dissent to this extent: In the absence of a conviction, if evidence had been presented to the circuit court that the petitioner shot a firearm on a public street during busy daylight hours (even if the shooter did so in an attempt to apprehend a shoplifter), the circuit court would have been justified in finding that such conduct was "contrary to public interest and public safety" and in denying expungement of the charge on that basis. However, the petitioner was not convicted of the charge nor was there any presentation of evidence of the alleged conduct upon which the circuit court could have made the necessary finding of fact to support the denial of expungement.

In short, if on remand the evidence presented at a hearing shows that such conduct occurred, even though the petitioner was not convicted of the charge, the circuit can make findings of fact and enter a conclusion of law regarding whether the conduct was sufficient for such finding and the consequent denial of expungement of the charge. However, because there was no such evidence presented, I must concur with the majority on this issue.

1

Notwithstanding the lack of any evidentiary proof of the allegations in the criminal complaint, the dissent contends that the record contains two evidentiary bases on which this Court could affirm the circuit court's ruling: the information contained in the complaint, upon which "the magistrate assigned to the matter found probable cause existed," and a statement made by the petitioner's counsel in his appellate brief,[1] which the dissent apparently deems to be some sort of admission by the petitioner. First, a magistrate's finding of probable cause is not a finding that the information contained in a complaint is true; rather, it is a finding that allegations in the complaint are sufficient to charge a criminal offense and sufficient to support the issuance of an arrest warrant or summons. *See* W. Va. R. Crim. P. Mag. Cts. 3 & 4. It is a basic tenet of law that the charging instrument in a criminal case is *not evidence* of the crime. Second, with respect to the so-called admission of the petitioner's counsel in his appellate brief, the statements of counsel are also *not evidence*. It must also be noted that counsel's appellate brief is not a part of the lower court's record, and nothing contained therein was before the circuit court at the time it denied the petitioner's motion for expungement.

In summary, because of the lack of evidence before the circuit court on which it could make any findings of fact as to the truth of the allegations in the complaint, there

---

[1] Defense counsel stated in his brief that the petitioner "gave chase to a fleeing shoplifter, raised his pistol to the sky and discharged the gun in a foolish attempt to scare the man to stop."

was no basis upon which it could make any conclusions of law as to whether expungement would be contrary to public interest and public safety.

Accordingly, I concur.